**James A. BALDO, Plaintiff–Appellant,**

v.

**ZIPPO MANUFACTURING COMPA-NY, George Duke, Paul Duke, Barbara Kearney and Blaise Wick, Defendants–Appellees.**

**Docket No. 02–7005.**

United States Court of Appeals, Second Circuit.

Oct. 4, 2002.

James E. Konstanty, Konstanty Law Office, Oneonta, NY, for Appellant.

Kevin Kearney, Hodgson Russ LLP (Benjamin M. Zuffranieri, Jr., of counsel), Buffalo, NY, for Appellees.

Present FEINBERG and SACK, Circuit Judges, and MURTHA,* District Judge.

### SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court be, and it hereby is, AFFIRMED.

The plaintiff appeals from an order granting the defendants' motion for summary judgment against his claims for deferred compensation and severance benefits under the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001 *et seq.* ("ERISA").

From May 1988 to June 10, 1998, the plaintiff James Baldo worked for Zippo Manufacturing Corporation, first as a sales

* Of the United States District Court for the District of Vermont, sitting by designation.

manager, then as Vice President in charge of sales. In the spring of 1998, Zippo asked Baldo to resign for allegedly misappropriating company funds. Baldo responded with a signed statement saying "I James Baldo am resigning from Zippo Manufacturing Company effective 6–11–98." In July 1998, Baldo wrote to the president of Zippo asking for a severance package. His request was denied. On August 1, 2000, Zippo's president filed a complaint against Baldo in the Court of Common Pleas of McKean County, Pennsylvania, claiming $480,000 in damages for fraud, breach of contract, and conversion.

On June 1, 2001, Baldo filed a summons and complaint in the United States District Court for the Northern District of New York. He claimed a right under ERISA to deferred compensation benefits of forty percent of his salary for five years and severance benefits of one month's pay for each year he had worked for Zippo, as well as other sundry benefits. The complaint also asserted several state and federal claims against the individual defendants George Duke, Paul Duke, Barbara Kearney, and Blaise Wick.

Regarding the deferred compensation benefits, the district court found that the plaintiff had failed to submit a contract supporting his claim. The defendants submitted a "supplemental post-retirement compensation agreement" entitling Baldo to benefits akin to those he claimed. The contract required, however, that a claimant retire after the age of sixty-five. The district court found that Baldo appeared to have resigned rather than retired, but that even if he had retired, he nonetheless failed to meet the contract's requirement that he be sixty-five years old. We agree.

Regarding the severance benefits, the district court found that the plaintiff had failed to supply evidence supporting the existence of a "plan" under ERISA, 29 U.S.C. § 1002(1). We have held that a " 'plan, fund, or program' under ERISA is established if from the surrounding circumstances a reasonable person can ascertain the intended benefits, a class of beneficiaries, the source of financing, and procedures for receiving benefits." *Grimo v. Blue Cross/Blue Shield, of Vt.*, 34 F.3d 148, 151 (2d Cir.1994) (quoting *Donovan v. Dillingham*, 688 F.2d 1367, 1373 (11th Cir.1982) (en banc)).

The plaintiff failed to provide evidence that would allow a reasonable person to conclude that Zippo provided the severance benefits he alleged. The plaintiff contends that Zippo provides severance pay at a rate of one month per year of employment. His only support for this claim, other than bald assertions that some employees receive such benefits, is the example of one executive fired by Zippo after nine years of employment who received severance pay equivalent to nine months of his salary. But Zippo submitted letters revealing that that employee's severance pay was the result of negotiations, rather than a predetermined plan. Zippo also submitted evidence indicating that some employees had received severance benefits of varying amounts and others had received none. Moreover, Zippo's contention that the company has never paid severance benefits to an employee whose employment ended as Baldo's did—under allegations of misappropriating funds—is uncontested. For these and other reasons, the plaintiff's assertion of a "plan" under ERISA "foundered at the first step" of the analysis. *See Diak v. Dwyer, Costello & Knox, P.C.*, 33 F.3d 809, 812 (7th Cir.1994). Though the "source of financing" for Zippo's severance payments was identified as the general funds, the plaintiff failed to

**12**

identify "a class of beneficiaries" or "procedures for receiving benefits." *Grimo,* 34 F.3d at 151. We therefore agree with the district court that the plaintiff has failed to offer evidence supporting the existence of a plan for severance benefits under ERISA.

On appeal, the plaintiff makes no argument supporting his claims against the individual defendants. The Federal Rules of Appellate Procedure require that the appellant's brief "contain ... appellant's contentions and the reasons for them." Fed. R.App. P. 28(a)(9)(A). This Court has held that issues not argued in the appellant's brief are considered abandoned. *E.g., Castellano v. City of New York,* 142 F.3d 58, 72 (2d Cir.1998). The plaintiff therefore has waived his claims against the individual defendants.

Reviewing the record *de novo* and in the light most favorable to the plaintiff, *Tenenbaum v. Williams,* 193 F.3d 581, 593 (2d Cir.1999), *cert. denied,* 529 U.S. 1098, 120 S.Ct. 1832, 146 L.Ed.2d 776 (2000), we conclude that Baldo has failed to identify a genuine issue of material fact that would allow a jury to grant him the relief he seeks.

For the foregoing reasons, the judgment of the district court is hereby AFFIRMED.